IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VATCHE GARABED | : | |
| Petitioner | : | |
| v | : | Civil Action No. JFM-05-859 |
| THE UNITED STATES DEPT OF HOMELAND SECURITY BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT | : : | |
| | : | |
| Respondent | | |

. . . . . . .o0o. . . . . . .

**MEMORANDUM**

The above-captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 was filed on March 28, 2005.  Now pending is respondent's motion to transfer the case to the Fourth Circuit Court of Appeals.  Paper No. 5.  Petitioner has filed an opposition to the motion. Paper No. 6.  For the reasons that follow, the motion to transfer shall be granted.

**Background**

Petitioner is a native of Syria admitted to this country on November 8, 1971, as a permanent resident.  On January 25, 1996, petitioner was convicted of conspiracy to commit theft in the Circuit Court for Montgomery County, Maryland.  On July 29, 1998, petitioner was served with a Notice to Appear for purposes of a removal proceeding based on his 1996 conviction.  Petitioner was found deportable on February 23, 1999, as an alien convicted of an aggravated felony.  Petitioner failed to appear for a rescheduled hearing on May 1, 2001, and was ordered removed *in absentia*.

Petitioner filed a motion to reopen his removal proceedings on the grounds that his theft conviction had been vacated by the Montgomery County Circuit Court.  The motion to reopen was

denied on March 23, 2005, and petitioner filed an appeal of that denial on April 22, 2005. The appeal is still pending.

The instant petition for writ of habeas corpus challenges the final order of removal issued by the immigration judge. Petitioner claims that the removal order is void because his criminal conviction was vacated.

**Analysis**

Signed into law by the President on May 11, 2005, RIDA substantially modifies the avenue aliens must traverse to obtain judicial review of an order of removal. Section 106(a) of the new law states: "a petition for review filed with an appropriate court of appeals .... *shall be the sole and exclusive means for judicial review of an order of removal* entered or issued under any provision of this Act"(emphasis added).[1]  Section 106 divests the district court of jurisdiction in habeas corpus cases involving challenges to a final order of removal, deportation, or exclusion, and places exclusive jurisdiction for judicial review of such orders in the federal appeals court for the district in which the removal order was issued.   Further, § 106(c) of the Act provides:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed ....

Congress specifically intended for the amendments under RIDA to take effect immediately. The Act states that its provisions shall take effect on the date of enactment and shall apply to cases "in

---

[1] This provision is codified at Immigration and Naturalization Act, § 242(a)(5), 8 U.S.C. §1252(a)(5).

2

which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment" of the Act.  RIDA, §106(b).

## Conclusion

This action was pending in this court on the date of RIDA's enactment.  The petition raises a question of law directly related to the legality of petitioner's order of removal.  The "jurisdiction-stripping" provisions of RIDA plainly apply here.  Accordingly, respondent's motion to transfer shall be granted and the case shalll be transferred to the United States Court of Appeals for the Fourth Circuit in accordance with § 106 of RIDA.  Petitioner's deportation shall be stayed pending further action by the court of appeals.  A separate Order reflecting this Memorandum follows.


<u>August 4, 2005</u>                              <u>/s/                                         </u>
Date                                             J. Frederick Motz
                                                 United States District Judge